## R. H. McNair v. Isaac Kaiser.

ATTACHMENT.   *Because defendant "not found." Sections 1498 and 1534, Code 1880.*

  Where an action has been instituted in accordance with the provisions of § 1498 of the Code of 1880, relating to "Venue of actions," and the defendant "shall not be found," the plaintiff may have an attachment against his estate under § 1534 of the Code, but the record in the case must properly show (1) that the action was commenced as provided in § 1498, and (2) that the defendant cannot be found in the county, as contemplated by § 1534.

APPEAL from the Circuit Court of Wilkinson County.

HON. J. B. CHRISMAN, Judge.

On the 17th of September, 1884, Isaac Kaiser filed in the Circuit Court of Wilkinson County against R. H. McNair a declaration in *assumpsit*, in the usual form, for five hundred dollars, On the next day a summons was issued to that county for the defendant, which was returned on the 7th of October, 1884, with the sheriff's indorsement to the effect that the defendant could not be found in his county.

On the 11th of October, 1884, and the sixth day of a term of the court, an order was made by the court in these words: " This cause coming on for hearing upon motion of plaintiff for an attachment against the estate of defendant, and it appearing to the satisfaction of the court that the summons was duly issued in said cause, and that it was returned by the sheriff 'not found,' it is ordered that the clerk issue an attachment in said cause against the estate of the defendant, as provided in § 1534 of the code in such cases." In pursuance of this order a writ of attachment was issued against the estate of the defendant, and under it J. J. Hills was summoned as a garnishee. Hills answered the garnishment, admitting that he had in his possession personal property belonging to the defendant.

At the April term, 1885, of the court, the defendant appeared and made a motion " to dismiss the attachment writ and proceedings in this cause." The motion was overruled. Other proceed-

ings were had, a statement of which will be found in the opinion of the court. The result was a judgment for the plaintiff, from which the defendant appealed.

*H. L. Davis,* for the appellant.

This is a case of judicial attachment under § 1534, Code 1880. The process of enforcing an appearance by attachment is treated of in 3 Blackstone 280 ; in 1 Tidd's Prac. 110, 111, and 112. It was in the nature of an attachment for contempt, and was to force the appearance of a defendant who refused to respond to a summons at common law.

The property of the defendant was taken or pledges required of him for his appearance, but the property was never sold under a "judicial attachment." If the attachment failed to produce the appearance, resort was had to a *distringas,* or distress infinite. 1 Tidd's Prac. 112. This, however, never issued against a non-resident or the resident of another county. In the States of Tennessee and Texas they appear to have this writ, and the language of the statute in both States is very similar to ours. See Wash. Dig. (Texas), art. 22 ; 13 Texas 269 ; 21 Ib. 92. In Tennessee, 1 Swan 298, the court construed the law as not applying to non-residents nor to residents of another county. In 1 Heisk. 28, 29, they say the suit proceeds after the levy, as if commenced by attachment. Such is the obvious and plain sense of our law, § 1534, Code 1880, for it says : " Or he may have a ' *testatum* writ' to another county when the defendant, after the commencement of the suit, shall have gone into another county, or he may have an attachment." The defendant must be a resident of the county to warrant the process.

After the levy the proceedings are to be conducted as if the suit had been begun by attachment. See § 1534.

*A. G. Shannon,* for the appellee.

There was no error in overruling defendant's motion to dismiss the attachment.

This proceeding is to be considered as simply statutory to enable the plaintiff to make his debt out of the defendant when no statutory ground for an ordinary attachment exists, and when he cannot be found, but after levy of writ there is no dismissal by appear-

ance, because it must then proceed as in other cases of attachment. Code 1880, §§ 1534 and 2436; *Erwin* v. *Heath*, 50 Miss. 801.

As to striking out the defendant's plea in abatement, which is relied on as error, certainly the defendant was in court when he filed his motion to dismiss the plaintiff's attachment, and consequently compelled to plead on the second day. No leave of court for a longer time was asked or obtained, and no excuse was offered for not filing the plea in abatement on the second day, nor is there anything to show that it was filed before the court met on the third day. An appearance to dismiss a valid process is certainly a good appearance in the case. *Stratley* v. *Kitchens*, 55 Miss. 578; *McClanahan* v. *Brock*, 46 Miss. 246; *Dandridge* v. *Stephens*, 12 S. & M. 723; *Harrison* v. *Agricultural Bank*, 2 S. & M. 307; see also *Fisher* v. *Battaille*, 31 Miss. 471. Certainly it was in the discretion of the court to refuse further time to plead in abatement.

CAMPBELL, J., delivered the opinion of the court.

The record does not show the existence of the condition authorizing an attachment under § 1534 of the code. Where suit shall be commenced in the proper county, as provided by § 1498, and the defendant shall not be found, the plaintiff may have an attachment, as provided by § 1534, but the record must show the concurrence of the conditions on which alone the extraordinary process given may be ordered and issued. It must show that the suit was properly commenced in the circuit court of the county and that the defendant cannot be found. This does not appear in this record. The attachment should have been discharged on motion. But the appellant (defendant below) appeared, and, after moving to discharge the attachment, filed a plea in abatement, which was stricken out because filed after time without leave of court, and then he moved for leave to file his plea in abatement, which was refused, but he was offered leave to plead to the action, and, refusing to plead to the action, judgment final as for want of a plea was given against him. It was not erroneous to render final judgment for want of a plea, but the attachment should have·

been discharged, and we reverse the judgment and proceeding to render here the judgment which should have been rendered in the court below, discharge the attachment at the cost of the appellee, and give judgment final against the appellant for the sum due by him to the appellee as shown by the record.